IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| **SOUMAHORO AMARA,** | * | | |
| | * | Civil Case Nos.: | RWT 10cv1372 |
| Petitioner | * | | RWT 10cv1385 |
| | * | | |
| v. | * | Criminal Case Nos.: | RWT 08cr0548 |
| | * | | RWT 09cr0106 |
| **UNITED STATES OF AMERICA,** | * | | |
| | * | | |
| Respondent. | * | | |

## MEMORANDUM OPINION

Pending before the Court is Soumahoro Amara's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel. Because Petitioner has not shown that counsel's representation was objectively unreasonable and resulted in actual prejudice, the Court will deny the § 2255 petition.

## BACKGROUND

On March 12, 2009, Petitioner pled guilty in *United States v. Amara*, No. RWT 08-0548 (D. Md. March 12, 2009) (the "Maryland case"), to mail fraud, in violation of 18 U.S.C. § 1341, and filing a false claim, in violation of 18 U.S.C. § 287. *See* Case No. 08-cr-0548, Paper No. 33. Additionally, at the same hearing, Petitioner pled guilty to aggravated identity theft, in violation of 18 U.S.C. § 1028A, in *United States v. Amara*, No. RWT 09-0106 (D. Md. March 12, 2009) (the "Virginia case"), a case transferred from the Eastern District of Virginia. *See* Case No. 09-cr-106, Paper No. 3. On June 8, 2009, he was sentenced to a total term of incarceration of 57 months, consisting of 33 months for both counts in the Maryland case, and 24 months in the Virginia case, to be served consecutively. Petitioner was also ordered to pay nearly

1

$700,000 in restitution, and a special assessment of $300. *See* Case No. 08-cr-0548, Paper No. 40; Case No. 09-cr-0106, Paper No. 8.

## PROCEDURAL HISTORY

On May 28, 2010, Petitioner timely filed identical § 2255 petitions in both the Maryland case and the Virginia case, alleging ineffective assistance of counsel based on numerous alleged errors made by counsel during the plea agreement process. *See* Case No. 08-cr-0548, Paper No. 46; Case No. 09-cr-0106, Paper No. 14 (hereinafter Pet'r Mot.). The Government has filed oppositions to these motions. *See* Case No. 08-cr-0548, Paper No. 47; Case No. 09-cr-0106, Paper No. 15 (hereinafter Resp't Opp'n to Mot.). Petitioner also filed in both cases identical motions to supplement his petition on June 10 and June 11, 2010, *see* Case No. 08-cr-0548, Paper No. 48; Case No. 09-cr-0106, Paper Nos. 16-17, which the Government has opposed, *see* Case No. 08-cr-0548, Paper No. 49; Case No. 09-cr-0106, Paper No. 18 (hereinafter Resp't Opp'n to Mot. to Suppl.). Finally, Petitioner has filed a reply, addressing arguments raised in his original petition. *See* Case No. 08-cr-0548, Paper No. 50; Case No. 09-cr-0106, Paper No. 19.

## STANDARD OF REVIEW

In evaluating claims of ineffective assistance of counsel, the Court applies the two prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Petitioner must show that counsel's representation fell "below an objective standard of reasonableness." *Id.* at 688. In reviewing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Specifically, in the context of a § 2555 motion, Petitioner must show that there is a "reasonable probability that,

2

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

## ANALYSIS

In his § 2255 petition, Petitioner specifically challenges his counsel's failure (1) to alter Petitioner's plea agreement to state that his sentence in the Virginia case would be served concurrently with that of the Maryland case, (2) to advise Petitioner of the availability of sentence reduction under 18 U.S.C. § 3553(f) (the "Safety Valve Statute"), and (3) argue that the indictments in both cases should be dismissed based on the Government's failure to notify Petitioner of his right to speak with his nation's consul, in violation of the Vienna Convention. *See* Pet'r Mot. 2.[1] Additionally, in his Motion to Supplement, Petitioner challenges his counsel's failure to argue that, under the Supreme Court's recent decision in *Flores-Figueroa v. United States*, __ U.S. __, 129 S. Ct. 1886 (2009), Petitioner's guilty plea for aggravated identity theft was invalid. The Court will address each of these arguments in turn.

### I. Concurrent Sentences

Petitioner alleges that he was assured by his counsel that his sentence in the Virginia case would run concurrently with that of the Maryland case. *See* Pet'r Mot. 3. Petitioner further alleges that he refused to sign a plea agreement until his counsel hand-wrote beneath the signature line that "[t]his sentence will be served concurrently with the Maryland sentence." *Id.*; Pet'r Mot. Ex. 1 ¶¶ 7-8.

Petitioner's argument is meritless because the plea agreements entered into between Petitioner and the Government, and presented to the Court on March 12, 2009, do not include any handwritten notes or mention of concurrent sentences anywhere in the document. *See* Resp't

---

[1] The moving papers in the Maryland and Virginia cases are identical.

Opp'n to Mot. Ex. 2. At the guilty plea hearing, Petitioner acknowledged that he voluntarily signed both plea agreements. *See* Tr. of Guilty Plea Hr'g 13:4-15:11. Petitioner also stated at the hearing that he was not relying upon any promises or assurances that were not contained in the plea agreements. *Id.* at 23:6-23:10. Furthermore, when asked by the Court whether he understood that the plea agreement in the Virginia case would be consecutive to any other counts, Petitioner answered in the affirmative. *Id.* at 27:6-27:12. Moreover, 18 U.S.C. § 1028A(b)(2) *requires* that the aggravated identity theft sentence be served consecutively with "any other term of imprisonment imposed on the person under any other provision of law." 18 U.S.C. § 1028A(b)(2) (2006); *United States v. Abdelshafi*, 592 F.3d 602, 606-07 (4th Cir. 2010); *see also* U.S. Sentencing Guidelines Manual § 5G1.2 cmt. n.2 (2009). In light of these facts, Petitioner's first basis for ineffective assistance of counsel is without any discernible merit.

## II. Safety Valve

Plaintiff further contends that his counsel failed to pursue sentence reduction, pursuant to the Safety Valve Statute. *See* Pet'r Mot. 13. The Safety Valve Statute, however, is available only for certain offenses under the Controlled Substances Act and the Controlled Substances Import and Export Act. *See* 18 U.S.C. § 3553(f) (2006). Petitioner was not indicted under either of these statutes, so the sentence reduction provided in the Safety Valve Statute is unavailable to him. Petitioner's counsel therefore acted reasonably and competently in deciding not to pursue a sentence reduction under the Safety Valve statute. Petitioner's second basis for ineffective assistance of counsel therefore is also meritless.

## III. Vienna Convention

Petitioner next contends that counsel failed to argue that his indictment should be dismissed, due to the Government's alleged violation of his rights under the Vienna Convention.

*See* Pet'r Mot. 16. Article 36 of the Vienna Convention requires United States authorities to tell an arrested foreign national, without delay, that he may have his nation's consul informed of the arrest, and to tell the consul about the arrest (if the foreign national so desires). *See Torres v. Mullin*, 540 U.S. 1035, 1035 (2003). Petitioner alleges that at the time of his arrest, he was not informed of these rights, in violation of the Vienna Convention. *See* Pet'r Mot. 16.

Even if the Vienna Convention were violated, however, the Supreme Court has noted that an Article 36 violation does not support a claim of ineffective assistance of counsel because an attorney's lack of knowledge concerning the Vienna Convention does not, alone, fall below what is required by the Sixth Amendment. *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 357 n.6 (2006). Additionally, it is unclear if the Vienna Convention creates any actionable individual rights that could be asserted in a § 2255 petition. The Fourth Circuit has stated in *United States v. Al-Hamdi* that the Vienna Convention likely does not create individual rights.[2] *See* 356 F.3d 564, 574 n.13 (4th Cir. 2004) ("[N]o court has ever held that the Vienna Convention creates individual rights.").

Even assuming, *arguendo*, that Petitioner's rights were violated and that his counsel's failure to argue that this violation should result in a dismissal of his indictment falls below an objective standard of reasonableness, Petitioner's request for relief nonetheless is meritless because he has not alleged any prejudice for this violation. Petitioner has not alleged, as required by *Strickland* and *Hill*, that but for counsel's failure to advise him of the Vienna Convention, he

---

[2] The Supreme Court recently noted in *Medellin v. Texas* that the "presumption is that international agreements, even those directly benefiting private persons, generally do not create private rights or provide for a private cause of action in domestic courts," but assumed, without deciding, that the Vienna Convention granted the petitioner individual rights. 552 U.S. 491, 506 n.3, n.4 (2008). This assumption was unnecessary to the holding of the case and is therefore dicta.

5

would have not have pled guilty, and would have instead insisted on going to trial. Therefore, Petitioner's third basis for ineffective assistance of counsel is also inadequate.

### IV. The *Flores-Figueroa* Decision

Lastly, Petitioner contends in his Motion to Supplement that his counsel's unawareness of the Supreme Court's recent decision in *Flores-Figueroa* constituted ineffective counsel. In *Flores-Figueroa*, the Supreme Court held that, in order to convict a defendant of aggravated identity theft, the Government must show that the defendant *knew* that the means of identification he or she unlawfully transferred, possessed, or used in fact belonged to another person. 129 S. Ct. at 1888. Petitioner argues that the Government failed to meet its burden, that he is innocent of aggravated identity theft, and that his counsel was therefore somehow deficient.

The statement of facts attached to the plea agreement entered in the Virginia case, however, clearly states that Petitioner's actions were "knowing and deliberate." *See* Resp't Opp'n to Mot. to Suppl. Ex. 1 ¶¶ 4, 7. Additionally, these statements were repeated by the Government at the guilty plea hearing, *see* Tr. of Guilty Plea Hr'g 47:14-49:14, and Petitioner affirmed their veracity, *see id.* at 50:3-50:7. Because the Government stated that it could produce sufficient facts to constitute identity theft, and Petitioner conceded such in his plea agreement and at his guilty plea hearing, Petitioner's final ground for relief also fails.

### V. Conclusion

Petitioner has not demonstrated that his counsel was ineffective and that, but for counsel's alleged errors, he would not have pled guilty. Accordingly, the Court shall grant

Petitioner's motions to supplement his 28 U.S.C. § 2255 Motions (Case No. 08-cr-0548, Paper No. 48; Case No. 09-cr-0106, Paper Nos. 16-17), but deny Petitioner's § 2255 Motions (Case No. 08-cr-0548, Paper No. 46; Case No. 09-cr-0106, Paper No. 14).

      A separate Order follows.

<u>July 22, 2010</u>                       <u>      /s/      </u>
Date                                     Roger W. Titus
                                         United States District Judge